IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LAURA REESE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Act. No.: 3:19-cv-1029-ECM |
| ) | (WO) |
| USAA GENERAL INDEMNITY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On November 5, 2019, Laura Robinson ("Plaintiff") filed a complaint in the Circuit Court of Chambers County, Alabama against USAA General Indemnity Company ("Defendant") seeking damages for injuries she sustained as a passenger in an automobile accident. (Doc. 1-1 at 2). In her complaint, the Plaintiff alleges nine causes of action based on the Defendant's refusal to provide coverage under the terms of an insurance policy in effect at the time of the accident. (Doc. 1-1).

On December 9, 2019, the Defendants removed the case to this Court based on diversity jurisdiction. 28 U.S.C. § 1332 and § 1441. Specifically, the Defendants allege that the Plaintiff's factual allegations, causes of action, and request for both compensatory and punitive damages establish that the amount in controversy exceeds $75,000. (Doc. 1 at 7). The Plaintiff disagrees, contending that the amount in controversy necessary to establish diversity jurisdiction has not been met because, among other things, she expressly

limited the damages she sought in her complaint to no more than $50,000. (Doc. 5 at 2). Further, the Plaintiff provided a personal affidavit in support of her contention that the amount in controversy falls below the jurisdictional minimum. (Doc. 13).

Now pending before the Court is the Plaintiff's Motion to Remand. (Doc. 5). Upon consideration of the motion, and for the reasons that follow, the Court concludes that the Motion to Remand is due to be granted.

## II. BACKGROUND

The Plaintiff alleges that "on or about June 7, 2018, she was injured in an automobile accident due to the negligence and wantonness of an uninsured/underinsured motorist who, while under the influence of narcotics and alcohol, and driving out of control," caused the vehicle the Plaintiff was in to crash. (Doc. 1-1 at 2). At the time of accident, the Plaintiff contends that she was a beneficiary under the terms of an uninsured motorist policy that her father maintained with the Defendant. (*Id.* at 5). Moreover, the Plaintiff alleges that when she "filed a claim for medical pay benefits and uninsured/underinsured motorist coverage, the Defendants[sic] intentionally refused to pay the claim without legitimate, arguable, or detectable reason for refusal to pay." (Doc. 1-1 at 5-6). According to the Plaintiff, the coverage limit for the uninsured motorist policy is $50,000. (Doc. 5 at 5). Based on these circumstances, the Plaintiff seeks both punitive and compensatory damages against the Defendant for an amount not to exceed $50,000. (Doc. 1-1).

The Court notes that the parties do not appear to dispute that complete diversity exists among them. They disagree, however, about whether the Plaintiff's damages exceed the jurisdictional threshold of $75,000 that is required when removal is based on § 1332(a).

Thus, the issue before the Court is whether the Defendant has met its burden of establishing that the amount in controversy exceeds $75,000.

### III. STANDARD OF REVIEW

"Federal Courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilley & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In fact, in light of their limited jurisdiction, federal courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Charon-Bolero v. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005). When jurisdiction turns on removal, "federal courts are directed to construe removal statutes strictly" and "all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Moreover, "in evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

### IV. DISCUSSION

The Court's analysis begins with the personal affidavit that the Plaintiff filed in support of her contention that the amount in controversy does not exceed $75,000. (Doc. 13). In this affidavit, the Plaintiff swears to the following: (1) at the time she filed the present lawsuit, she "intended to limit [her] total claim for damages in the suit to not be more than $75,000.00, exclusive of interests and costs;" (2) that she does not "intend to

3

claim any more in total damages than that, now or in the future;" and (3) "that this limitation of damages shall be binding on [herself], [her] heirs and assigns." (*Id*. at 1).

Importantly, the Court may consider the Plaintiff's sworn statement when evaluating whether the Defendant has established the jurisdictional minimum necessary for diversity jurisdiction to exist. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (stating "the jurisdictional facts that support removal must be adjudged at the time of removal, and any post-petition affidavits are allowable only if relevant to that period of time." (internal quotation marks and citation omitted)); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (noting that where the complaint contains a request for "indeterminate damages," courts give "great deference" to, and even presume true, representations that a plaintiff "does not seek and . . . *will not accept damages*" in excess of the jurisdictional minimum. (emphasis in original)). Thus, the Plaintiff's affidavit establishes that the amount in controversy does not exceed $75,000.

In addition to her affidavit, the Plaintiff represents in her state court complaint (doc. 1-1), Motion to Remand (doc. 5), and Reply to Defendant's Response (doc. 10) that her recovery against the Defendant is limited to $50,000[1] – a figure far below what is necessary

---

[1] To support the claim that her recovery against the Defendant is limited to $50,000, the Plaintiff relies on Alabama Code § 32-7-23(c). (Doc. 5 at 5). Specifically, the Plaintiff asserts that she "is a resident of the household of her father, who at the time of the accident, maintained an uninsured motorist policy with [the Defendant], with limits of $25,000.00, and which covered two vehicles." (*Id*.). Pursuant to Ala. Code § 32-7-23(c), "recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within such contract." Thus, stacking the two policies that the Plaintiff's father maintained together, the maximum amount available for the Plaintiff to recover is $50,000. (*Id*.). While the Plaintiff's personal affidavit alone is dispositive of the

to establish diversity jurisdiction. As mentioned above, these representations are entitled to great deference because the Plaintiff's lawyers "are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose, such as merely to defeat diversity jurisdiction . . .." *Federated Mut. Ins. Co.*, 329 F.3d at 808.

The Defendant puts forth two arguments for why the amount in controversy is satisfied in this case. First, the Defendant contends that the Plaintiff incurred $63,270.68 in medical expenses as a result of the accident giving rise to this lawsuit and seeks future compensation regarding the same. (Doc. 6 at 3-4). According to the Defendant, the current medical expenses, coupled with future damages, allow the Court to reasonably infer that the amount in controversy exceeds $75,000. (*Id*. at 4). Next, the Defendant asserts that the "Plaintiff's claim for uninsured/underinsured motorist benefits should be aggregated with any one of her tort claims related to [the Defendant's] alleged breach of the insurance policy because these claims are independent 'standalone claim[s].'" (*Id*. at 7) (alteration in original). Such aggregation of claims, the argument goes, would satisfy the amount in controversy. In light of the Plaintiff's affidavit, which establishes that the amount in controversy does not exceed $75,000, the Court finds both of the Defendant's arguments unavailing.

---

remand issue, the Court finds that the coverage limit of the uninsured motorist policy, as dictated by § 32-7-23(c), provides additional evidence that the amount in controversy does not exceed $75,000. *See Betts v. Progressive Specialty Ins. Co.*, 2017 WL 4678471 at *3 (S.D. Ala. 2017) (finding that the plaintiff's claims against two insurance companies did not satisfy the amount in controversy requirement because the uninsured motorist policies at issue limited recovery to $50,000 per accident).

## V. CONCLUSION

For the reasons discussed, the Court finds that the requisite amount in controversy does not exist in this case. Accordingly, it is

ORDERED that the Plaintiff's Motion to Remand the case to the Circuit Court of Chambers County (doc. 5) is hereby GRANTED.

The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Chambers County, Alabama.

DONE this 21st day of February, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE